# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ARDALE D. TICKLES,

   Petitioner,

v.

FRANK B. BISHOP, JR.,
ATTORNEY GENERAL OF MARYLAND,

   Respondents.

Civil Action No.: ELH-17-1950

**MEMORANDUM**

Ardale Tickles, who is self-represented, filed a petition for writ of habeas corpus (the "Petition") on July 6, 2017. ECF 17. He also filed several supplements (ECF 6; ECF 7; ECF 10; ECF 11; ECF 16), as well as correspondence. *See* ECF 8; ECF 13; ECF 14; ECF 15; ECF 17. Tickles also filed exhibits, some of which are filed only in paper format. *See* ECF 1-1; ECF 6.

Tickles challenges his convictions in the Circuit Court for Baltimore County on September 17, 1999, for the crimes of attempted murder, first degree assault, robbery with a dangerous and deadly weapon, robbery, and handgun offenses. *Id.*; ECF 9-1 at 2-3 (docket entries). On December 20, 1999, after completion of a presentence investigation and psychiatric report ordered by the presiding judge, Tickles was sentenced to an aggregate term of 25 years of imprisonment. ECF 1-1 at 8 (State post-conviction opinion).

In answer to Tickles's Petition, respondents assert that the Petition must be dismissed because it is time-barred. ECF 9. Tickles was granted the opportunity to respond to the answer and to provide any argument he may have to support the equitable tolling of the one-year filing

period. ECF 12. In response, Tickles filed three letters and a supplement to the Petition. *See* ECF 13; ECF 14; ECF 15; ECF 16.

No hearing is necessary to resolve this matter. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee,* 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the Petition must be dismissed as untimely. A certificate of appealability shall not issue.

## I. Factual Background

As noted, on September 17, 1999, Tickles was convicted of several State offenses. Through counsel, he appealed to the Maryland Court of Special Appeals. ECF 1-1 at 8. On January 16, 2001, Tickles's convictions were affirmed by an unpublished opinion; the mandate issued on February 15, 2001. *Id*. Tickles filed a petition for writ of certiorari to the Maryland Court of Appeals, which was denied on August 16, 2001. *Id*.

Tickles filed a State petition for post-conviction relief on May 20, 2015. *Id*. Judge Judith Ensor, of the Circuit Court for Baltimore County, dismissed the petition because it was not filed within the 10-year period, as required by Maryland's Uniform Post-Conviction Procedure Act, Md. Code, § 7-103 of the Crim. Pro. Article, and Tickles failed to demonstrate cause to excuse the untimely filing. *Id*. at 9.

In order to comply with Maryland's filing deadline, the petition for post-conviction relief was due by December of 2009. *Id*. at 9. In dismissing the petition, Judge Ensor noted, ECF 1-1 at 9:

> Unrelated to the pending matter but instructive with respect to the extraordinary cause argument, the Court notes that, in the Circuit Court for Howard County, under Case No. 13-K-99-038529, Mr. Tickles was charged via indictment on September 17, 1999, with, among other things, First Degree

>Murder. Mr. Tickles was found guilty and sentenced on or about July 11, 2000, to life imprisonment. On August 12, 2002, Mr. Tickles, on his own, filed a Petition for Post Conviction Relief. On June 2, 2003, Mr. Tickles filed a motion to withdraw the petition without prejudice. In January, 2009, Mr. Tickles filed a motion to reopen the post conviction.
>
>Also of note is the fact that, back on April 7, 2008, Mr. Tickles, without the benefit of counsel, filed a motion in 03-K-99-1191 for a court order compelling compliance with the Maryland Public Information Act. In that motion, Mr. Tickles provided a detailed listing of all of the records to which he felt he was entitled and the legal basis for his position.

The State post-conviction court rejected Tickles's claim that he was unaware of the 10-year time limitation for post-conviction. ECF 1-1 at 9. The court was also unpersuaded that Tickles's mental illness prohibited him from complying with the 10-year filing deadline.

In reaching these conclusions, the Baltimore County post-conviction court noted that, in a letter to the presiding judge dated November 13, 1999, Tickles complained that trial counsel had not done enough to defend him, nor did defense counsel offer his history of mental illness as mitigation. *Id*. at 10. Further, the court noted that Tickles had filed a pro se petition for post-conviction relief in the Howard County case on August 12, 2002, and withdrew it in 2003, without prejudice. *Id*. Tickles then managed to file a timely motion to reopen the post-conviction proceeding in Howard County on January 23, 2009, more than ten months before the post-conviction petition would have been due in the Baltimore County case. *Id*.

Tickles's application for leave to appeal the dismissal of his post-conviction petition was summarily denied on February 16, 2017. The mandate issued on March 21, 2017. ECF 1-1 at 12-14.

## II. Discussion

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

>(1) A 1-year period of limitation shall apply to an application for a

writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a federal habeas petitioner must establish that either some wrongful conduct by respondents contributed to his delay in filing his petition or that the delay was caused by circumstances that were beyond his control. *See Harris*, 209 F.3d at 330. A federal habeas petition does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 175 (2001) (a federal habeas petition is not an application for State post-conviction or other collateral review within the meaning of §2244(d)(2) and therefore does not

toll the limitation period while it is pending).

Tickles's conviction was final on November 14, 2001, the date the time for seeking certiorari review with the Supreme Court expired. The time for filing a federal habeas petition expired one year later, November 14, 2002, pursuant to 28 U.S.C. §2244(d). The one-year filing period was not stayed by State post-conviction proceeding. Notably, the current Petition was filed about 15 years after the expiration of the filing deadline.

So far as can be discerned, Tickles asserts that the one-year filing deadline should be equitably tolled because his mental health history was concealed by the State during trial and fundamental fairness requires this court to reach the merits of the petition. ECF 16 at 13-15. Tickles also asserts, in other pleadings, that his mental health makes him "delusional at times and in and out of reality" and that he never filed any legal pleadings or motion on his own. ECF 6 at 3. Tickles raises his mental health as a claim in his Petition, explaining, ECF 1 at 4:

> Petitioner has a life-long history of serious mental health issues, including paranoid homicidal schizophrenia. At the time of his charged crimes on or about March 3, 1999, (a psychotic episode and crime spree that spanned two (2) counties – Baltimore and Howard), the Petitioner had been wrongfully taken off of his prescribed psychotropic medications by Dr. Kripa Kashyap, a psychiatrist who unbeknownst to Petition[er] had been criminally prosecuted, convicted and his license suspended for bilking Medicaid, ten years prior to taking Petitioner under his care.
>
> This decision to take Petitioner off of his prescribed medications, without intensified supervision, led directly to the psychotic episode and two-county crime spree wherein Petitioner was ultimately charged with murder, attempted murder, robbery [with] deadly weapon and other lesser charges.

Despite Tickles's significant mental history and active symptoms of his mental illness, Tickles claims trial counsel made no effort to obtain his psychiatric records to explore a plea of Not Criminally Responsible. *Id*. at 5. However, Tickles fails to demonstrate that the information he is attempting to present here was necessary to the filing of this Petition, or that it was

5

unavailable to him. Indeed, it is clear that Tickles has been well aware of his attorney's alleged failures since 1999, as observed by the post-conviction court.

To be sure, a number of circuits have recognized the possibility that mental incompetency may support the equitable tolling of a habeas limitation period. *Nara v. Frank*, 264 F.3d 310, 320 (3rd Cir. 2001); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Calderon v. United States Dist. Court for the Central Dist.*, 163 F.3d 530, 541 (9th Cir.1998), *cert. denied*, 526 U.S. 1060 (1999). However, petitioner was not found mentally incompetent. Moreover, although Tickles identifies his mental deficiencies, he does not show that his condition was so severe as to seriously affect his ability to pursue his legal rights during the relevant time period. *See Rhodes v. Senkowski*, 82 F.Supp.2d 160, 169-70 (S.D. N.Y. 2000.) Even assuming that petitioner was unable to assist in his own defense at trial, he has offered no evidence as to whether he continued to suffer from mental incompetence during the pursuit of his direct appeal and State post-conviction proceedings. Moreover, he has offered no evidence that any mental incompetence precluded him from pursuing his State post-conviction proceedings in a timely manner, so as to preserve his right to federal review. Indeed, petitioner provides no reason why his mental condition barred him from the timely filing of his Petition.

In sum, petitioner has failed to meet his burden of proof to justify equitable tolling; he does not show that "circumstances beyond his control" prevented him from filing a timely petition. For that reason, the Petition must be dismissed as untimely and the merits of the Petition shall not be considered.

### III.   Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2); *see Buck v. Davis*, 137

S.Ct. 759, 773 (February 22, 2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). There has been no substantial showing of the denial of a constitutional right. *See* 28 U. S.C.§ 2253(c)(2). Accordingly, a certificate of appealability shall not issue.

A separate Order follows.

October 10, 2018 /s/
Date Ellen L. Hollander
United States District Judge